### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

Giselle Evonne Bradley )
)
         Plaintiff, ) Case No. _____
)
vs. )
)
Seterus, Inc. )
)
Serve Registered Agent at: )
The Corporation Company, Inc. )
112 SW 7th St., Suite 3C )
Topeka, KS 66603 )
)
         Defendant. )
)

### **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Giselle Evonne Bradley, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in her Complaint for Damages states and alleges to the Court as follows:

### **INTRODUCTION**

This is an action for damages brought by individual consumer Giselle Evonne Bradley against Seterus, Inc. for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

### **JURISDICTION AND VENUE**

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that Defendant transacts business in the state of Kansas and Kansas is where the injuries occurred.

## PARTIES AND SERVICE

3. Giselle Evonne Bradley (hereafter "**Plaintiff**"), is a natural persons who, at all times relevant, resides in the State of Kansas.

4. Defendant Seterus, Inc., hereafter ("**Defendant**"), is a business that regularly conducts business in Kansas, and may be served through its Registered Agent, The Corporation Company, Inc., 112 SW 7th St., Suite 3C, Topeka, KS 66603.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On November 12, 2008, Plaintiff filed a Chapter 13 Bankruptcy in the District of Kansas, Case No. 08-22969-rdb 13.

6. Plaintiff had a first mortgage with Bank of America which was subsequently transferred to Defendant.

7. Plaintiff proposed to pay Defendant's predecessor through her Chapter 13 Plan.

8. The debt to Defendant's predecessor was excepted from discharge.

9. The pertinent pages of Plaintiff's Chapter 13 Plan are attached as Exhibit A.

10. On December 6, 2013, the Chapter 13 Trustee filed a Notice of Final Cure deeming the mortgage owed to Defendant's predecessor current.

11. Defendant's predecessor filed a Response in Agreement on December 23, 2013.

12. Response to Final Cure is attached as Exhibit B.

13. Plaintiff received her discharge on January 31, 2014.

14. On October 7, 2014, Plaintiff requested and reviewed her credit reports from TransUnion, Equifax and Experian.

15. Plaintiff became aware that Defendant was misreporting information on her Equifax credit report.

16. Defendant was reporting incorrectly on Plaintiff's Equifax credit report that there was a Past Due Amount of $7,030.00.

17. However, Plaintiff was current with Defendant.

18. Accordingly, Defendant, if it reported Plaintiff's account at all, should have been reporting Plaintiff's account with the current balance, payment history, and no Past Due Amount.

19. On October 27, 2014, Plaintiff sent a letter with her bankruptcy information to Equifax disputing Defendant incorrect reporting in accordance with 15 U.S.C. § 1681i.

20. A copy of Plaintiff's dispute letter is attached as Exhibit C.

21. Equifax sent a Consumer Dispute Verification to Defendant as required by 15 U.S.C. § 1681i.

22. Defendant failed to correct the information reported on Plaintiff's Equifax credit report.

23. Despite the receipt and knowledge of Plaintiff's dispute letter, Defendant was still willfully misreporting to Equifax that there was a Past Due Amount of $7,030.00.

24. The pertinent page of Plaintiff's incorrect Equifax credit report is attached as Exhibit D.

25. On March 31, 2015, Plaintiff again disputed the information Defendant was incorrectly reporting to Equifax.

26. Equifax sent a Consumer Dispute Verification to Defendant as required by 15 U.S.C. § 1681i.

27. The Automated Consumer Dispute Verification to Defendant is attached as Exhibit E.

28. Although Defendant removed the Past Due Balance, Defendant incorrectly reported to Equifax a $0 Balance and that the debt was discharged in bankruptcy.

29. The pertinent page of Plaintiff's incorrect Equifax credit report is attached as Exhibit F.

30. Defendant's failure to conduct a reasonable investigation of Plaintiff's account, as reported to Equifax, was a substantial factor causing Plaintiff emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

31. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## VIOLATIONS OF THE FCRA

32. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

33. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

34. Defendant qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

35. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or

which such furnishers have reason to believe is inaccurate.

36. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

37. The FCRA also provides privately enforceable duties limited to the formal process where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

38. After receipt of a disputed account from a CRA, a furnisher's duty is to review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

39. The courts have consistently adopted that the standard of the furnisher's reinvestigation must be evaluated under a reasonable investigation standard.

40. This standard will be evaluated from a number of factors.

41. One specific obligation is that the furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

42. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

43. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan.,

2009).

44. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

45. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

46. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

47. After receiving notice of Plaintiff's dispute letters from Equifax, Defendant should have conducted a reinvestigation and properly updated the information reported on Plaintiff's account to Equifax.

48. As a result of Defendant's failure to conduct a reasonable reinvestigation, Defendant caused Plaintiff to incur emotional distress, frustration, inconvenience, time and expense.

49. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

50. Plaintiff's actual damages include but are not limited to, Plaintiff's emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

51. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit

repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

52. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

53. Defendant was twice notified by Equifax of Plaintiff's dispute letter requesting a reinvestigation that it was reporting inaccurate information on Plaintiff's credit report.

54. Yet, Defendant elected to ignore that information and refused to correct Plaintiff's Equifax credit report.

55. The purpose of the reinvestigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

56. Defendant's failure to have proper procedures in place to conduct a reasonable investigation of Plaintiff's account illustrates a reckless disregard for Plaintiff's rights under the FCRA.

57. Defendant's failure to conduct a reasonable investigation and correct the information Defendant is furnishing to Equifax concerning Plaintiff's account constitutes a willful violation of the FCRA.

58. Defendant fails to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

59. This failure is compounded by Defendant's failure to have the proper policies and

procedures in place to investigate and correct mistakes reporting to the credit reporting agencies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Giselle Evonne Bradley respectfully requests this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information from Plaintiff's Equifax credit report;

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

/s/ Chelsea S. Springer
_____

Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
1125 Grand Boulevard, Suite 1300
Kansas City, MO  64106
Phone: (816) 842-1317
Fax: (816) 842-0315
admin@tlrlaw.com
Attorney for Plaintiff